PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.

(Circuit Court, S. D. New York.  November 3, 1910.)

STREET RAILROADS (§ 58*)—INSOLVENCY AND RECEIVERS—ACCOUNTING BETWEEN RECEIVERS.

Application for instructions to special master, with reference to accounting between receivers for insolvent street railroad companies occupying the relation of lessor and lessee, in respect to the operation of the lines by receivers then representing both companies, referred for special report.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 58.*]

In Equity.  Suits by the Pennsylvania Steel Company and another against the New York City Railway Company and others, by the Farmers' Loan & Trust Company, successor to the Morton Trust Company, against the Metropolitan Street Railway Company and others, by the Guaranty Trust Company against the Metropolitan Street Railway Company and others, and by the Farmers' Loan & Trust Company, successor, etc., against the Metropolitan Street Railway Company and others.  On application for instructions to the special master in reference to inter-company accounting.  Referred for special report.

See, also, 182 Fed. 155.

Byrne & Cutcheon, for Pennsylvania Steel Co. and another.
James L. Quackenbush, for New York City Ry. Co.
Dexter, Osborn & Fleming, for receiver of New York City Ry. Co.
Masten & Nichols, for receivers of Metropolitan St. Ry. Co.
J. Parker Kirlin, for Metropolitan St. Ry. Co.
Davies, Stone & Auerbach, for Guaranty Trust Co.
Bronson Winthrop, for Morton Trust Co.
Turner, Rolston & Horan and Bronson Winthrop. for Farmers' Loan & Trust Co.

LACOMBE, Circuit Judge.  In the opinion filed in these cases on September 21, 1910, it was suggested that much labor and expense might be saved in the accounting between the estates of the Metropolitan and the New York City Railway if the special master were instructed that in stating these accounts he should "consider the lease as terminated on such a date, or as continuing in force until such another date," and were further instructed in other particulars, if necessary, in advance of the accounting.

Acting upon this suggestion, the Pennsylvania Steel Company and the Degnon Construction Company, complainants in the first of the above-named suits, have, upon notice to all, filed a petition for instructions.  It asks, in substance, that the special master be instructed:

(1) That he should proceed in all respects as though from September 24, 1907, the property of the Metropolitan Street Railway Company had been operated by the receivers of the Metropolitan Street Railway Company.

(2) That the deficit incurred by receivers in the operation of such property between September 24, 1907, and July 31, 1908, be paid out of the assets of Metropolitan Street Railway Company.

---

(3) That the amount or value of assets of the New York City Railway Company expended in the operation of the system during that period be refunded to the estate of that road by the estate of the Metropolitan Company.

The committee of contract creditors, upon the argument, united in this application. The committee of tort creditors filed a separate petition, asking that the special master be instructed in eight specified particulars. Some of these practically duplicate the requests of the Pennsylvania Company; others deal rather with the details of the accounting; others again present the fundamental question in a somewhat different form. Various answers have been filed to these petitions.

Upon the argument it appeared to be the general opinion, though not, perhaps, assented to by all, that the wiser course would be for the court not to undertake to give instructions to the master based solely on these petitions and the court's individual recollection of the transactions during receivership, but that it should send the questions raised by these motions to the master for determination in the first instance. The question can be intelligently answered only on a presentation of the material facts. Some of these facts may have to be proved by testimony; others may be already in the voluminous general record of proceedings, but should be segregated, so that the record upon which decision is reached may be in compact form for the consideration by the reviewing court.

It is thought best not to send these 11 requests to the special master in the form submitted. To do so would only tend to complicate the situation and unnecessarily extend the reference. When it is decided that the lease from the Metropolitan to the New York City Railway was or was not the controlling element of the situation during the period in question, there will be no difficulty in disposing of all the other problems suggested in these petitions.

An order may be made referring these petitions and answers to the special master, to give notice to all parties and also by advertisement, and to take such testimony as may be offered, and report whether or not, during the period from September 24, 1907, to July 31, 1908, during which time the entire property of both roads was in the hands of Messrs. Joline and Robinson as receivers operating the railway system, such operation was by them as receivers of the Metropolitan, or as receivers of the New York City, Company, and whether during such period the administration of the two estates by officers of this court was or was not controlled by the provisions of the lease of February 14, 1902.

If some modification of the phraseology of this statement of the question is desired by any one, the court will hear any application to amend it on the settlement of the order. If in the course of the proceeding it becomes desirable to submit some other concrete question bearing on this subject to the special master, it may be brought to the attention of the court.